UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:

| | ) | |
|---|---|---|
| BARRY RAY ELROD, and | ) | Case No. 1:16-bk-12562-SDR |
| EMILY SUZANNE ELROD | ) | |
| Debtor(s) | ) | Chapter 7 |

| | | |
|---|---|---|
| JERROLD D. FARINASH | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | Case No. 17- ap-01016 |
| v. | ) | |
| | ) | |
| UPRIGHT LAW LLC, | ) | |
| LAW SOLUTIONS CHICAGO LLC, | ) | |
| RON SMITH | ) | |
| Defendants. | ) | |

### RESPONSE TO DEFENDANT RON SMITH'S MOTION TO DISMISS PLAINTIFF JERROLD D. FARINASH'S COMPLAINT

Comes Jerrold D. Farinash, Chapter 7 Trustee in the above captioned case, by and through Farinash & Stofan, and files this response to the Defendant Ron Smith's Motion to Dismiss Complaint and Memorandum of Law in Support.

1. All of the facts and allegations set forth in the original Complaint are incorporated herein by reference as though specifically set forth.

2. Because the Court is ruling on a motion to dismiss under F.R.C.P. 12(b)(6), the court must accept as true all well-pled factual allegations stated in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic, Corp. V. Twombly*, 550 U.S. 544 (2007)).

# ARGUMENT

I. The Court has personal Jurisdiction over Ron Smith.

    A. Defendant Ron Smith waived the issue of personal jurisdiction when his counsel filed an Ex-Parte Motion for Entry of Agreed Order Extending Time to Respond to Complaint on June 22, 2017, and again on July 21, 2017, without any reservations made with regard to personal jurisdiction. See *Gerber v. Riordan* 649 F. 3d 514, 520 (6th Cir. 2011), where a Defendants' filing of a general appearance with the district court constituted a voluntary acceptance of the district court's jurisdiction, and therefore, a waiver of Defendants' personal jurisdiction defense.

    B. The Defendant's reliance on the minimum contacts standard articulated in *International Shoe Co. V. Washington*, 326 U.S. 310 S. Ct. 154 (1945), has no applicability in this action where service of process was effectuated pursuant to Federal Rule of Bankruptcy Procedure 7004(d). Rule 7004(d) provides for nationwide service of process and therefore jurisdiction for the territory of the United States, "and the individual liberty concern is whether the individual over which the court is exercising jurisdiction has sufficient minimum contacts with the United States." *Med. Mut. Of Ohio v. deSoto,* 245 F. 3d 561, 568 (6th Cir. 2001). Furthermore, under Rule 7004(f), "a court has personal jurisdiction over a defendant if three requirements are met: (1) service of process has been made in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure or Fed.R.Civ.P. 4; (2) the action is "a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code"; and (3) "exercise of jurisdiction is consistent with the Constitution and the laws of the United States." See *Tipton v. Adkins (In re Tipton)* 257 B.R. 865, 870 (Bankr. E.D. Tenn 2000).

On May 25, 2017, Plaintiff Jerrold D. Farinash, through counsel, filed a Certificate of Service evidencing that copies of the Summons and Complaint were served upon the defendant on May 25, 2017, by "Mail Service: Regular, first class United States mail, postage fully pre-paid." No objections to the sufficiency of service of process have been made. So the first requirement, effective service of process, has been met.

The second requirement, is that the current proceeding must be a "case under the code or a civil proceeding arising under the Code, or arising in or related to case under the code." 28 U.S.C 1334(a) and (b) grants jurisdiction to the district court over four types of bankruptcy matters: (1) cases under title 11, (2) proceedings arising under title 11; (3) proceedings arising in cases under title 11; and (4) proceedings related to cases under title 11." *In re Heinsohn*, 231 B.R. at 55–56 (citing *Beneficial Nat. Bank USA v. Best Receptions Systems, Inc. (In re Best Reception Systems, Inc.)*, 220 B.R. 932, 942 (Bankr.E.D.Tenn.1998)). A civil proceeding is "related to" a bankruptcy case where "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Wolverine Radio Co.*, 930 F.2d 1132, 1142 (6th Cir.1991). Here, the Trustee's adversary proceeding Complaint is related to the Debtor's bankruptcy estate because any recovery will impact distribution to the creditors of the estate. Therefore, the second requirement has been met.

The third inquiry, of whether the exercise of jurisdiction is consistent with the Constitution and Laws of the United States, reviews the defendant's minimum contacts with the United States as a whole. *Med. Mut. Of Ohio v. deSoto,* 245 F. 3d 561, 567-568 (6th Cir. 2001). In *Fed. Fountain, Inc. v. KR Entertainment (In re Fed. Fountain, Inc.)*, 165 F.3d 600 (8th Cir.1999), the Court found that "Fed. R. Bankr.P. 7004(d) is a constitutional exercise of congressional authority," and noted that the Supreme Court has held that "there is 'nothing in the Constitution which forbids Congress

to enact that a federal trial court shall have the power to bring before it all the parties necessary to its decision.' " Id. at 602 (quoting *U.S. v. Union Pac. R.R. Co.*, 98 U.S. 569, 604, 25 L.Ed. 143 (1878)). The defendant, Ron Smith, as a resident of the state of Illinois, therefore has sufficient contacts with the United States to support the fairness of the exercise of jurisdiction over him by a United States Court. Having met all three requirements for personal jurisdiction under Rule 7004(f), we assert this court has proper jurisdiction over Defendant Ron Smith.

        C.     In the event that the Court deems the *Mahasco* analysis set forth in the Defendant's Motion to Dismiss is more applicable to the current status of this case, this Court has specific jurisdiction over Defendant Ron Smith because he has purposefully availed himself of the privilege of acting in Tennessee and causing consequences in Tennessee, this complaint arises from Ron Smith's activities in Tennessee, and the acts of Ron Smith or consequence thereof have a substantial enough connection with Tennessee to make exercise of jurisdiction over the defendant reasonable. *Southern Mach. Co. v. Mohasco Industries, Inc*. F.2d 374 (6th Circ. 1968).

Exercising specific jurisdiction is proper when the claims arise from or are related to a defendant's contact with the forum state, and therefore, the Sixth Circuit has held that "purposeful availment may exist when a defendant makes telephone calls and sends facsimiles into the forum state and such communications 'form the bases for the action.'" *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir.2005) citing *Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir.2001). Although the defendant argues that his involvement was "temporary and transitional", and boiled down to "four telephone calls for the Firm" which did not amount to purposeful availment, the Court in *Neal* found exercising specific jurisdiction is proper when numerous communications actually form the bases of the claims alleged. *Neal*, 270 F.3d at 332. The Neal court further states that "when a foreign defendant purposefully directs communications into the forum that cause injury within the forum,

and those communications form the 'heart' of the cause of action, personal jurisdiction may be present over that defendant without defendant's presence in the state." *Id*. at 333. The Trustee assert that Defendant Ron Smith's communications with Barry Elrod in which he made multiple misrepresentations of the law of the State of Tennessee while engaging in the unauthorized practice of law and attempting to contract with the Elrods on behalf of Upright Law to represent them in a Bankruptcy in the State of Tennessee is sufficient contact to find purposeful availment that resulted in a cause of action substantial enough to subject Mr. Smith to the personal jurisdiction of this Court.

II. Count One of the original Complaint plausibly alleges the unauthorized practice of law, a breach of duty that resulted in damages sufficient enough to rise to the level of a negligence per se claim.

The complaint incorporated herein cites eight individual instances in which Ron Smith engaged in the unauthorized practice of law and 7 instances in which he performed the unauthorized doing of law business. These factual instances are specific and detailed. They are not conclusions which recite statutory language. In each of these instances, Mr. Smith performed more than just information gathering and in fact he provided legal advice which constitutes the unauthorized practice of law. Apart from counsel's proffer, there is no evidence before the court that during Mr. Smith's conversations with Mr. Elrod he was being supervised by an attorney.

The statutes prohibiting the unauthorized practice of law are designed to protect the public against harmful incompetence and unscrupulous conduct. See *Elliot E. Cheatham, Availability of Legal Services: The Responsibility of the Individual Lawyer and of the Organized Bar,* 12 UCLA. L. Rev. 438, 439 (1965). When the Court considers the factual allegations set forth in the Complaint as true (as required when ruling on a Motion to Dismiss) Mr. Smith's legal advice to Mr. Elrod during their phone conversations was erroneous and incompetent. As a direct result of the

conversations between Mr. Elrod and Mr. Smith, and the counsel that Mr. Smith provided, the debtors were placed into a Chapter 13 case instead of seeking out other options that would have been more beneficial to them and could have prevented the loss of their home. Therefore the debtors, members of the public for which the unauthorized practice of law statutes are designed to protect, were harmed by the legal advice that was given to them by Mr. Smith.

WHEREFORE, the Chapter 7 Trustee prays as follow:

A. That the court deny Defendant Ron Smith's Motion to Dismiss Plaintiff's Complaint and require the Defendant to answer said complaint; and

B. That the Court enter such other and further relief as the Court deems just and proper pursuant to Tennessee Code Annotated §23-3-112(a)(1).

Respectfully submitted,

FARINASH & STOFAN
By: /s/ Jerrold D. Farinash
Jerrold D. Farinash (10220)
Attorneys for Trustee
100 West M L King Blvd., Ste. 816
Chattanooga, TN 37402
(423) 805-3100
jdf@fandhlawfirm.com

Certificate of Service

The undersigned does hereby certify that a copy of the foregoing document and accompanying order has been sent by electronic mail to those shown on the Notice of Electronic Filing receipt issued by the Clerk of Court and/or by placing a copy of the same in the United States First Class Mail with sufficient postage to insure delivery to its destination on the following:

Donald J. Aho
Attorney for UpRight Law, LLC
832 Georgia Avenue, #1000
Chattanooga, TN 37402

Harry R. Cash
Attorneys for Ron Smith
Republic Centre, Suite 900
633 Chestnut Street
Chattanooga, Tennessee 37450-0900

Kimberly Swafford
Assistant U.S. Trustee
4th Floor, Historic U.S. Courthouse
Chattanooga, TN 37402


W. Thomas Bible, Jr.
6918 Shallowford Road, Suite 100
Chattanooga, TN 37421
(423) 424-3116


DATED: September 29, 2017         /s/ Jerrold D. Farinash
                                                        Jerrold D. Farinash